O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSE JOAQUIN BRAVO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 15-02575-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Jose Joaquin Bravo ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court concludes that the ALJ did not err in relying on the testimony of a vocational expert ("VE") to find that Plaintiff could perform other work available in the national economy. The ALJ's decision is therefore affirmed and this matter is dismissed with prejudice.

# I.
# BACKGROUND

Plaintiff filed applications for DIB and SSI on November 28, 2011, alleging disability beginning November 19, 2009. Administrative Record ("AR") 269-88. After Plaintiff's applications were denied, he requested a hearing before an ALJ. AR 183. On July 29, 2013, Plaintiff appeared before an ALJ, who continued the hearing and ordered an internal-medicine and a psychological evaluation of Plaintiff. AR 87, 108-24. On March 12, 2014, the same ALJ held a second hearing, at which Plaintiff, who was unrepresented, and a VE testified. AR 40-84. On April 10, 2014, the ALJ issued an unfavorable decision. AR 24-39. He found that Plaintiff had the severe impairments of "chronic asthma, history of clavicle fracture, and borderline intellectual functioning." AR 29. The ALJ determined that despite his impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> he can perform occasional postural activities, no ladders[,] scaffolds or ropes, only occasional above shoulder reaching bilaterally, and he should avoid concentrated exposure to extremes of temperature. He cannot work at unprotected heights or around dangerous machinery and he should avoid pulmonary irritants. Mentally, the work should be non-complex routine tasks, no tasks requiring hypervigilance, no responsibility for the safety of others, and no jobs where public contact is an integral part of the job.

AR 31. The ALJ found that Plaintiff could not perform his past relevant work because those jobs were performed at the medium or heavy exertional level, which exceeded his RFC. AR 35. However, relying on the VE's testimony, the ALJ determined that Plaintiff was not disabled because he could perform other work that was available in significant numbers in the national economy. AR

35-36. The Appeals Council denied Plaintiff's request for review, AR 1-7, and this action followed.

## II.
## DISCUSSION

**A.**   <u>**Relevant Law**</u>

At step five of the sequential evaluation process, the Commissioner has the burden of demonstrating that the claimant can perform work that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100-01 (9th Cir. 1999); 20 C.F.R. §§ 404.1560(c), 416.960(c). In making a disability determination, the DOT is the primary source for "information about the requirements of work in the national economy." <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). The ALJ may also use testimony from a VE to obtain occupational evidence. <u>Id.</u>

When a VE's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2; <u>see also</u> <u>Massachi</u>, 486 F.3d at 1153-54. An ALJ's failure to perform this step constitutes procedural error. <u>Massachi</u>, 486 F.3d at 1153-54 & n.19. The Court may find the procedural error to be harmless if the VE provided sufficient support for her conclusion so as to justify any potential conflicts. <u>Id.</u> at 1154 n.19.

**B.**   <u>**Background**</u>

At the second hearing, the ALJ asked the VE whether there was work in the national economy for an individual with Plaintiff's RFC, age, education, and work history. AR 79. The VE identified three jobs: (1) bench assembler (DOT 706.684-042); (2) inspector and hand packager (DOT 559.687-074); and

(3) small-products assembler I (DOT 706.684-022). AR 79-80. The ALJ next asked whether "these jobs would require more than occasional above shoulder reaching." AR 80. The VE responded, "Not above shoulder, no. The work would be done primarily in front of the torso." Id. The ALJ also asked whether the VE's testimony was consistent with the DOT. Id. The VE stated, "Of the Dictionary of Occupational Titles? It doesn't address the issue of breaks. I believe that is the only issue. My opinion and testimony is based on my own experience with respect to that factor." AR 80-81.

In his decision, the ALJ discussed the VE's testimony that Plaintiff could perform the above-identified jobs despite his limitations. AR 35. The ALJ also noted that, "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." AR 36. Based on the VE's testimony, the ALJ determined thatPlaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. The ALJ therefore found that Plaintiff was not disabled. Id.

**C. Analysis**

The only issue presented by Plaintiff's appeal is whether the ALJ correctly determined that Plaintiff could perform other work available in the national economy. Specifically, Plaintiff contends that the ALJ erroneously relied on the VE's testimony and failed to resolve conflicts between the Dictionary of Occupational Titles ("DOT") and the RFC limitation to occasional overhead reaching. Joint Stipulation ("JS") at 5-14. The Court disagrees.

As set forth above, the ALJ concluded that Plaintiff was limited to "only occasional above shoulder reaching bilaterally." AR 31. The Social Security Regulations define reaching as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985) (emphasis added).

According to the DOT, the jobs of bench assembler, see DOT 706.684-042, available at 1991 WL 679055; inspector and hand packager, DOT 559.687-074, available at 1991 WL 683797; and small products assembler I, DOT 706.684-022, available at 1991 WL 679050, all require frequent reaching. Thus, the DOT's requirements for these three jobs appear to conflict with a limitation to occasional overhead reaching.

In light of SSR 00-4p, this Court has remanded for further proceedings cases in which the VE did not offer and the ALJ did not elicit an explanation for a similar conflict between an RFC's limitation on overhead reaching and a DOT's requirement of frequent reaching. See, e.g., Fajarado v. Colvin, No. 15-08074, 2016 WL 4499082, at *3 (C.D. Cal. Aug. 26, 2016); Garcia v. Colvin, No. 14-1976, 2015 WL 3407932, at *3 (C.D. Cal. May 27, 2015). In this case, however, the record indicates that the ALJ was aware of the potential conflict and elicited a reasonable explanation from the VE. Indeed, the ALJ specifically asked the VE whether the identified "jobs would require more than occasional above shoulder reaching." AR 80. The VE explained that they would not because "[t]he work would be done primarily in front of the torso." Id. "A VE's recognized expertise provides the necessary foundation for his or her testimony," and "no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). As such, the ALJ's question to the VE and the VE's response based on her experience resolved the conflict at issue. Remand is therefore not warranted.

Recently, in Gutierrez v. Colvin, --- F.3d ---, 2016 WL 6958646, at *3 (9th Cir. Nov. 29, 2016), the Ninth Circuit found that an ALJ did not err in determining at step five that the plaintiff could work as cashier because there was "no apparent or obvious conflict" between the VE's testimony that the she could perform as a cashier, "despite her weight bearing and overhead reaching limitations with her right arm" and the DOT's "general statement that

cashiering requires frequent reaching." The Ninth Circuit explained that an ALJ may resolve potential conflicts between an RFC limitation and the DOT by relying on common sense to interpret the DOT's job descriptions. See id. at *3 ("Resolving this argument requires us to determine whether overhead reaching is such a common and obvious part of cashiering that the ALJ should have recognized a conflict and questioned the expert more closely before concluding that [plaintiff] could work as a cashier."). Here, such an inquiry is not necessary because the ALJ asked for and the VE gave an explanation about why Plaintiff would be able to perform the three identified jobs despite his limitation to occasional above-shoulder reaching.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: December 27, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

6